IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ciara Vesey,                          )
                                      )
          Plaintiff,                  )
                                      )
                                      )
     v.                               )    No. 1:18-cv-1084
                                      )
Envoy Air, Inc.                       )
                                      )
          Defendant.                  )
                                      )

## <u>Order</u>

Defendant's motion to transfer this case to the Central District of Illinois is granted. It is apparent from the face of the complaint—which alleges workplace discrimination in violation of Title VII and related state claims—that the action has no meaningful connection to the Northern District of Illinois. Plaintiff does not live here, did not work here, and has not identified any potential witnesses located here. Although all agree that venue is proper in the Northern District based on defendant's presence in the forum, defendant has established that the convenience of the parties and witnesses and the interests of justice militate strongly in favor of transfer under 28U.S.C. § 1404(a).

Plaintiff alleges that she worked for defendant at Quad Cities International Airport in Moline, Illinois, which is located in Rock Island County in the Central District. Her complaint attributes claim-related conduct to various individuals, all but one of whom, defendant asserts without contradiction, live and work in the Central District, and the remaining individual lives in Texas. Plaintiff herself lives in the Southern District of Iowa, roughly seven miles from the Rock Island courthouse in the Central District, but over 150 miles away from the Chicago courthouse in the Northern District. Plaintiff concedes that the Central District is the "situs of material events," and there is no indication that materials likely to be produced in discovery are maintained in the Northern District. In short, there is no discernable reason to litigate this case here.

Plaintiff does not dispute that every party and witness likely to participate in a trial would have to travel significantly further—more than ten times further in plaintiff's case—to attend proceedings in Chicago as opposed to in Rock Island. Her insistence that it is nevertheless "easier to travel" to her chosen forum because defendant is an airline and because Chicago is one of the country's "most popular and commutable regions" defies common sense. And her unsubstantiated guess that her claims "may revolve around the corporate policy

and procedures that Defendant had in place" fails to anchor her claim to this district in any meaningful way. Finally, plaintiff's suggestion that the judges and juries of the Central District are less able to ken the relevant law or to resolve her claims in an unbiased manner is not well taken and does not warrant further comment.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: June 25, 2018