IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| Ciara Vesey,<br><br>    Plaintiff,<br><br>v.<br><br>Envoy Air, Inc. d/b/a American Eagle Airlines, Inc.,<br><br>    Defendant. | Case No.  4:18-cv-04124-SLD-JEH |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THE COURT'S JUNE 6, 2019
ORDER DENYING HER MOTION TO AMEND HER COMPLAINT**

Defendant Envoy Air, Inc. ("Defendant" or "Envoy") submits this Response to Plaintiff Ciara Vesey's Motion for Reconsideration of the Court's June 6, 2019 Order Denying Her Motion to Amend Her Complaint ("Motion for Reconsideration"). Plaintiff's Motion for Reconsideration attempts to provide the Court with new information to support her Motion to Amend. Many of her "facts" are unsupported, internally inconsistent, in direct contradiction to representations she previously made to this Court, and simply not believable. In any event, the information is not "newly discovered." Plaintiff could have included it with her initial Motion to Amend and offers no explanation for her failure to do so. She has not provided the Court with anything that would support the extraordinary relief requested. The Motion for Reconsideration should be denied.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    LEGAL ARGUMENT**

Plaintiff's Motion for Reconsideration is noticeably devoid of any legal authority as to the appropriate standard for relief. Perhaps that is because relief under Rule 59(e), which governs her Motion, is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *see also* Fed. R. Civ. Proc. 59(e) (discussing "motions to alter or

amend a judgment"). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270. Plaintiff has not identified any manifest error of law or fact, nor has she presented any newly discovered evidence. She offers arguments that could have been raised in her initial motion, with no explanation for why she could not have "discovered" the claims she seeks to add sooner. This is insufficient to justify reconsideration.

  A. <u>The Court properly applied Rule 16 to Plaintiff's Motion to Amend</u>.

Under Rule 16(b)(4), amendment is not appropriate "if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citations and quotations omitted). Plaintiff argues that the Court should have considered her Motion to Amend under Rule 15, not Rule 16. The Court held that Rule 16 applied because the deadline to amend pleadings, set forth in the scheduling order, already passed. [Dkt. 49, at 4-5.] Plaintiff does not argue that the application of Rule 16 was a "manifest" error of law, and she provides no support for that conclusion in any event. Plaintiff complains that the specific deadline did not appear in the Court's minute entry following the scheduling conference. She does not contest the fact that the Court orally set the deadline to amend pleadings for September 28, 2018. Plaintiff offers no legal authority, nor is Envoy aware of any, for the proposition that the Court's oral ruling was invalid simply because it was not later reduced to writing.

  B. <u>The Court properly concluded Plaintiff delayed in seeking amendment</u>.

Plaintiff argues the Court erred in concluding that Plaintiff unduly delayed in filing her motion. In support, she submits a lengthy recitation of counsel's correspondence in this case and dozens of pages of emails. Envoy agrees with Plaintiff that this has been a very difficult case to litigate given the challenges in dealing with Plaintiff's counsel, and the emails Plaintiff provides

at Exhibit D of her Motion (many of which are incomplete or cut off) demonstrate this. What they do not demonstrate is Plaintiff's lack of delay in filing a motion to amend.

### 1. Plaintiff was obviously aware of a disparate treatment claim during her employment.

As discussed in Envoy's Response to Plaintiff's Motion to Amend, Plaintiff brought an administrative claim for race discrimination with the Illinois Department of Human Rights ("IDHR") nearly 18 months prior to filing the instant lawsuit. [Dkt. 48, at 1-2, 5-6.] Based on this fact, the Court correctly concluded that Plaintiff was aware of her disparate treatment claim long before she sought amendment. [Dkt. 49, at 5.] Plaintiff seems to argue that she did not actually make a claim for disparate treatment based on race at the IDHR. This is belied by the plain language of her charge, which alleges "**[d]iscipline…because of my race, Black**." [Dkt. 48-1, at 5 (emphasis added).] Plaintiff's attempt to assign different meaning to this unambiguous declaration is nonsensical and does not establish that the Court made a "manifest" error in taking her words at face value.[1]

Plaintiff also claims she did not have enough evidence to support a disparate treatment claim at the outset of litigation. She is confusing the standard for stating a claim with the standard for prevailing on one. Discovery is meant for parties to gather evidence that supports or undermines the claims and defenses in the case. The fact that a disparate treatment claim "would have been an easy target for summary judgment" at the time Plaintiff filed the Complaint is irrelevant. Plaintiff's argument that bringing such a claim could have subjected her to Rule 11 sanctions is absurd. She had already internally complained during her employment of "racially motivated…hiring and

---

[1] If Plaintiff truly did not bring a disparate treatment claim in her IDHR charge, she would be time-barred from amending the Complaint now. [*See* Dkt. 48, at 9-10.] The statute of limitations begins to run the day the adverse action occurs, not the day a plaintiff discovers the alleged discriminatory animus behind it. *E.g.*, *Hoffer v. Manchester Tank & Equipment Co.*, 2010 WL 569905, at *4 (C.D. Ill. Feb. 12, 2010) ("[T]he date that Plaintiff realized that he may have a legal claim arising out of the injury is irrelevant to the discussion of when he discovered the allegedly discriminatory *act*.") (emphasis in original) (citations and quotations omitted).

training opportunities" (*see* Dkt. 1, at ¶ 8) and stated a claim at the administrative level sufficient to warrant a lengthy IDHR investigation. [*See* Dkt. 48, at 1-2; Dkt. 48-1, at 11-26.]

Plaintiff complains that she did not receive a list of terminated African-American employees until late in discovery due to Envoy's insistence on a protective order. The Court correctly concluded that she was not diligent in pursuing one. [Dkt. 49, at 6.] The emails Plaintiff provides at Exhibit D to her Motion support this conclusion – Plaintiff never offered to draft the protective order herself. Plaintiff's claim is also factually inaccurate. She did not serve her request for "complete records of the number of African-American employees at the Moline station (MLI) that have been terminated" until February 26, 2019.[2] At the time Envoy served its response on March 28, it had already provided a draft protective order to Plaintiff's counsel for review. [Dkt. 50-4, at 43; Dkt. 51-1, at 20.]

> **2.     Plaintiff's inconsistent allegations regarding the discovery of her workers' compensation retaliation claim cannot support amendment.**

Plaintiff alleged in her Motion to Amend that she discovered the workers' compensation retaliation claim on February 20, 2019: "Plaintiff was not aware how Defendant had handled her workers compensation claim **until she received emails from her general manager, Teresa White, just two days prior to her deposition, on February 20, 2019**." [Dkt. 44, at 14 (emphasis added); *see also* Dkt. 44, at 9 ("[E]mails produced by Defendant during discovery revealed that Defendant did not properly handle this claim, and it was further clear that Ms. White was not interested in properly handling Plaintiff's claim.").] The Court correctly concluded, based on Plaintiff's own representations, that she was aware of the claim by February 20. Plaintiff failed to account for the 2.5-month period following White's deposition that she could have sought amendment, but did nothing. Her lack of diligence supported denial of the Motion to Amend. [*See* Dkt. 49, at 7.]

---

[2] The fact that Plaintiff served this request in February is further evidence she was aware of a disparate treatment claim well before discovery closed.

Unbelievably, Plaintiff now claims: (1) her counsel reviewed the emails in question much earlier than February 20; (2) the emails did not reveal the existence of a claim; and (3) she did not discover her workers' compensation retaliation claim until April 15, 2019, during the deposition of Ashley Emerick. These allegations blatantly contradict the representations Plaintiff made to the Court in her Motion to Amend (as noted above), which also did not mention any testimony from Emerick's deposition relevant to Plaintiff's workers' compensation retaliation claim. [*See* Dkt. 44, at 14-15.] Even if Plaintiff's revamped version of the facts could be trusted, she is barred from presenting new evidence now. *E.g.*, *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").

Plaintiff claims she learned during Emerick's deposition that White "essentially forced" Emerick to report Plaintiff's travel abuse, "had [issues] with employees taking leave," and was "nitpicking" with Plaintiff to get rid of her. [Dkt. 50, at 20.] This is an extreme stretch of Emerick's testimony, and Plaintiff has not provided the Court with any excerpts of that testimony to support her argument. In any event, it is unclear how this alleged testimony has anything to do with workers' compensation retaliation. Emerick made the travel abuse report a month before Plaintiff filed her workers' compensation claim. [*See* Dkt. 52, at 8, ¶ 48.] The descriptions of Emerick's alleged testimony do not mention workers' compensation at all. Again, Plaintiff could have provided this information to the Court with her Motion to Amend. The Court need not consider it now. *Netherlands Ins. Co. v. Nat'l Cas. Co.*, 2012 WL 5422294, at *1 (C.D. Ill. Nov. 6, 2012) ("Motions for reconsideration do not provide a vehicle for a party to introduce new evidence or legal theories that could have been presented earlier.") (citations and quotations omitted).

### 3. The timing of depositions does not support amendment.

Plaintiff's deposition, regardless of the reason, occurred on February 18.[3] The depositions of Plaintiff's manager and supervisor occurred the same week. The discovery deadline was

---

[3] Plaintiff's Motion for Reconsideration is internally inconsistent. She claims that Plaintiff's deposition was delayed largely because Envoy's counsel did not want to travel on a Sunday. She

originally set for March 1, 2019, and the parties agreed to move it to May 3 to account for the delay in beginning depositions. [Dkts. 32, 33.] The fact that depositions did not start until February is irrelevant.

Plaintiff complains that Emerick was not available until April 15. Even if Plaintiff discovered a new claim based on Emerick's testimony (which is dubious, as discussed above), she still did not seek to amend the Complaint until after the Court indicated her discovery requests were not relevant to the claims in her case. She had nearly three weeks before the close of discovery to seek amendment had she truly believed a new claim existed.

Plaintiff also argues that "the first opportunity Plaintiff's counsel had to speak to the person who made the termination decision was on the second to last day of discovery." [Dkt. 50, at 18, 21.] The "person who made the termination decision" to whom Plaintiff refers is Irma Stevens. The allegation that her "first opportunity" to depose Stevens was May 2 is not accurate. At no time during discovery did Plaintiff ask to take this deposition. Envoy noticed the deposition and took it. [*See* Dkt. 42.] Envoy scheduled it based on the availability of the witness and the parties; Plaintiff's counsel's first availability was not until the week of April 8. [Dkt. 48-1, at 92.] If Stevens' testimony was as important to Plaintiff's case as she claims, she had months to obtain it. Her failure to even request it was anything but diligent.

Envoy produced Stevens' records regarding Plaintiff on November 1, 2018. [*See* Dkt. 48-1, at 104.] Those records included Stevens' investigative summary and termination recommendation. Even if Plaintiff could plausibly claim that she did not know of Stevens' involvement until she received those records in discovery, she offers no explanation for her lack of diligence in seeking to depose the relevant decision-maker. *See Oto*, 224 F.3d at 606 (upholding denial of motion for reconsideration and rejecting plaintiff's argument that he did not discover a

---

simultaneously contends that if even Plaintiff had been honest about the fact she moved to Phoenix, where Envoy's attorneys live, it would not have made a difference. The Court correctly concluded that Plaintiff's deposition could have occurred sooner had she not concealed her current residence.

key witness until after discovery closed; plaintiff offered no "valid excuse" as to why he did not discover the witness sooner, "[g]iven the ease with which" he could have).

### C. Plaintiff cannot satisfy the remaining requirements of Rule 16 because the amendment would prejudice Envoy and be futile.[4]

Plaintiff alleges in her Motion for Reconsideration that Envoy would not be prejudiced by amendment because she is not seeking any additional discovery on the claims she seeks to add, other than responses to her requests for production. [Dkt. 50, at 6, 24.] She surmises that Envoy could simply provide the requested documents, file an answer to the amended complaint, and proceed with its dispositive motion. Under Plaintiff's proposal, she would be entitled to discovery regarding her disparate treatment and workers' compensation retaliation claims, but Envoy would not. This is the very definition of prejudice.

Plaintiff's Motion did not address the argument that her pleading would be futile, and it was apparently not considered by the Court. To the extent the Court considers it now, Envoy incorporates by reference the portions of its Response to the Motion to Amend explaining why the new claims would not survive summary judgment. [*See* Dkt. 48, at 9-12.]

## II.    CONCLUSION

For all of the foregoing reasons, Envoy respectfully requests that the Court deny Plaintiff's Motion for Reconsideration.

Dated: July 17, 2019

Respectfully submitted,

*/s/ Lindsay J. Fiore*
Stephanie J. Quincy ARDC # 014009
Lindsay J. Fiore ARDC # 026382
Quarles & Brady LLP
Two North Central Avenue
Phoenix, Arizona 85004
602.229.5200
*Attorneys for Defendant Envoy Air, Inc.*

---

[4] The Court's Order denying the Motion to Amend concludes that Plaintiff unduly delayed in filing the motion and does not analyze the remaining factors under Rule 16. [Dkt. 49.] In an abundance of caution, Envoy briefly addresses them here.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

HONORABLE SARA DARROW
United States District Court
Central District of Illinois - Rock Island Division
48 U.S. Courthouse
211 19th Street
Rock Island, Illinois 61201

HONORABLE JONATHAN E. HAWLEY
United States District Court
Central District of Illinois - Rock Island Division
211 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois 61602

Carla D. Aikens
AIKENS LAW FIRM
615 Griswold, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
*Attorneys for Plaintiff*

*/s/ Heidi Scheving-Nelson*
An employee of Quarles & Brady LLP