IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| Ciara Vesey,<br><br>   Plaintiff,<br><br>   v.<br><br>Envoy Air, Inc. d/b/a American Eagle Airlines, Inc.,<br><br>   Defendant. | Case No.  4:18-cv-04124-SLD-JEH |

## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

Defendant Envoy Air, Inc. ("Defendant" or "Envoy") submits this Response to Plaintiff's Motion to Compel Defendant's Discovery Responses. Fact discovery has ended. Plaintiff's Motion is untimely and contrary to the Standing Order in effect in this case. Her requests are overly broad in any event and an admitted fishing expedition. Plaintiff offers no support for the contention that the records she seeks are discoverable, nor any reason why Envoy's objections are invalid. The Motion should be denied.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   PROCEDURAL HISTORY**

Plaintiff brings claims against Envoy for hostile work environment and retaliation under Title VII and the Illinois Human Rights Act ("IHRA"), along with tort claims for negligent and intentional infliction of emotional distress. [Dkt. 1, Complaint.]

During discovery, Plaintiff served her Second Request for Production of Documents ("Second RFPs") on February 26, 2019. [Dkt. 51-1, Ex. A.] Envoy served its responses on March 28. [*Id.*, Ex. B.] Counsel for both parties met and conferred about Defendant's objections, but could not resolve all of the issues. The parties thereafter had a telephonic conference with Judge

Hawley and an in-person discovery conference. [*See* 4/12/19 and 4/29/19 Minute Entries.] As Plaintiff's Motion indicates, the Court was disinclined to order production of documents, noting that Plaintiff's requests appeared to be "a very large scale fishing expedition" and not specifically related to any claims or defenses in the case. [Dkt. 46 and attached audio recording.] The Court ordered Plaintiff to file either a motion to amend the Complaint or a motion to compel discovery responses by May 13. [*Id.*] The Court's written Order confirmed: "**Plaintiff directed to file a Motion to Compel regarding specific requests on or before 5/13/19**." [4/29/19 Minute Entry (emphasis added).] On May 13, Plaintiff moved to amend her complaint to add a claim for workers' compensation retaliation and disparate treatment race discrimination under Title VII and the IHRA. [Dkt. 44.] Her motion was denied. [Dkt. 49.]

On May 3, 2019 – the last day of fact discovery – Plaintiff served another set of requests for production ("Third RFPs"). [Dkt. 51-1, Ex. C.] Defendant served its responses on June 3. Defendant objected to all of Plaintiff's requests as untimely, but also on substantive grounds. [Dkt. 51-1, Ex. D.] In addition, some of the documents Plaintiff requested had already been produced in litigation, and Defendant's responses provided the Bates numbers for the previously-produced relevant records. [*See id.*, at 30, 32-33 (responses to RFPs 1, 6, and 7).] Thereafter, counsel for the parties met and conferred about the requests. Plaintiff filed the instant Motion on July 8.

II.   **LEGAL ARGUMENT**

    A.   **Plaintiff's Motion is untimely.**

As discussed above, the Court gave Plaintiff the option to file a motion to amend her complaint or compel responses to the Second RFPs by May 13. She chose to file a motion to amend. Fact discovery as to the Second RFPs only was stayed during the pendency of that motion. The Court denied Plaintiff's motion and fact discovery is now closed. [Dkt. 49.] Plaintiff did not file the instant Motion until July 8. The deadline to file a motion to compel has clearly passed. Plaintiff offers no explanation for why the Court's Order should not apply.

In addition, Judge Hawley's Standing Order provides:

> The parties may not raise a discovery dispute with the Court after the relevant discovery deadline has passed; all discovery disputes must be brought to the Court's attention before the relevant discovery deadline passes. Any discovery disputes raised with the Court after the expiration of the relevant discovery deadline shall be deemed waived by the Court, even if the parties agreed to conduct discovery after the relevant discovery deadline has passed.

[12/6/18 Standing Order, at 5.] Plaintiff brings the instant Motion over two months after discovery closed as to all issues outside of the Second RFPs and over a month after fact discovery closed completely. It is untimely based on the plain language of the Standing Order.

Plaintiff complains that the Standing Order does not permit her to compel responses to requests served within the deadline but less than 30 days before discovery closed. The simple solution would have been for her to serve the requests sooner. Plaintiff served the Third RFPs on the last day of fact discovery. Her requests on their face required the parties to conduct discovery after the relevant deadline passed. Plaintiff did not seek agreement from Envoy to do this, and her disputes are "deemed waived by the Court" regardless. Defendant objected to each request in the Third RFPs as untimely precisely because of the Standing Order's language. If the parties are not permitted to raise disputes after the close of discovery, it follows that the parties ought to serve requests and receive responses within the appropriate window to allow sufficient time for follow up and resolution with the Court, if necessary. The Court's Order is clear and Plaintiff has offered no compelling reason (or any reason at all) why it should not apply to her.

    **B.**   **Plaintiff's Motion violates Judge Hawley's Standing Order.**

The Standing Order provides specific directions for how parties are to handle discovery disputes: they must first meet and confer about the dispute, and if they cannot resolve the dispute, "the party first raising the dispute shall file a 'Motion for Hearing Concerning Discovery Dispute.'" [12/6/18 Standing Order, at 4-5.] Thereafter, the Court will try to resolve the dispute during a telephonic conference "**without written submissions by the parties**." [*Id.* at 5 (emphasis added).] Plaintiff did not follow these procedures for the Third RFPs. Counsel for the parties did meet and confer, but Plaintiff did not file a motion for hearing and instead proceeded directly to

the Motion to Compel – likely because she is well aware that the Court will not hear discovery disputes after the close of discovery. The Standing Order warns that "the Court will strike any discovery motion filed before the procedure outlined above has been followed." [*Id.*] In accordance with that Order, the Court should disallow Plaintiff's attempt to skirt the rules.

      C.    **Plaintiff has not explained how her requests are proper.**

Plaintiff alleges in her Motion that her discovery requests "are relevant to her claims as they will help her to substantiate that the treatment she experienced was individually retaliatory and that her fellow co-workers were not treated in a similar manner." [Dkt. 51, at 6.] This conclusory statement is woefully insufficient to support a motion to compel.

First, Plaintiff does not even apply the correct standard for discoverable information. The records must be relevant <u>and</u> "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Many of Envoy's responses described the burden and/or expense imposed by the request and objected on proportionality grounds, particularly given the tenuous, and at times non-existent, relation most of the requests have to the issues in the case.

Second, Plaintiff provides no analysis regarding discoverability, nor any legal authority that would support compelling production of documents. She relies solely on two cases, each over 60 years old (and consequently decided well before the recent amendments to Rule 26), for general propositions regarding "liberal" discovery; Plaintiff does not address the requests individually. Envoy responded to some of the requests with records or citations to previously-produced documents. At the very least, the Motion to Compel should not apply to those requests, but Plaintiff does not even mention this in her brief.

Plaintiff insists generally that she needs information "comparing how Plaintiff was treated with how other employees were treated," "details regarding the investigative process," the "emails

of Plaintiff, Stevens, and Durant," and information about "the workers [sic] compensation claim denied by Defendant." [Dkt. 51, at 7.] She ignores the fact that much of this has already been produced by Envoy. [*See* Dkt. 51-1, Ex. D, Responses to RFPs 1, 6 (Plaintiff's workers' compensation records and Envoy policies regarding internal investigations); Dkt. 48-1, at 104 (Irma Stevens' emails).] Further, Plaintiff does not even attempt to explain which requests are aimed at these objectives. It is clear that the majority of them are not.

By way of example, RFP Nos. 25-29 of the Second RFPs asks for "all disciplinary documents and EthicsPoint complaints signed off on and/or generated by" Sonia Hambelton, Garna Anderson, Connie Simon, Desiree Johnson, and Carol Warren. [Dkt. 51-1, Ex. B.] These are all former Envoy employees who are in no way connected to this case. They did not discipline Plaintiff. They did not make complaints about Plaintiff. Plaintiff did not make complaints about them. Neither Plaintiff nor Envoy have disclosed any of these individuals as witnesses, and Plaintiff has never made a single allegation related to any of them. Plaintiff has not explained how written discipline issued by one of these employees to another employee bears on the question of whether Plaintiff experienced "individually retaliatory" treatment. Similarly, Plaintiff seeks "all policies, procedures, and/or handbooks relating to transgender employees." [Dkt. 51-1, Ex. B.] Plaintiff does not have a claim for transgender discrimination. Plaintiff has never been able to articulate – nor does she now – how this request has anything at all to do with her claims. Envoy's complete objections to Plaintiff's requests were provided to the Court in Exhibits B and D to Plaintiff's Motion. Envoy incorporates those responses as if fully restated herein. Plaintiff has not explained why any objection is invalid. Her unfounded argument that the documents requested are "necessary discovery" does not and cannot support a motion to compel.

Plaintiff all but admits that her discovery requests seek information outside the scope of this litigation, explaining she will use the requested information "to amend the complaint…to add claims." [Dkt. 51, at 7.] As the Court's June 6 Order indicated, Plaintiff seems to misunderstand the purpose of discovery. [*See* Dkt. 49, at 7.] Discovery is meant for parties to gather information

that supports or undermines the <u>existing</u> claims or defenses in the case; it is not meant to be a vehicle for gathering new causes of action.

## III. CONCLUSION

For all of the foregoing reasons, Envoy respectfully requests that the Court deny Plaintiff's Motion to Compel Defendant's Discovery Responses.

Dated:   July 22, 2019

Respectfully submitted,

*/s/ Lindsay J. Fiore*
Stephanie J. Quincy ARDC # 014009
Stephanie.Quincy@quarles.com
Lindsay J. Fiore ARDC # 026382
Lindsay.Fiore@quarles.com
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004
602.229.5200

*Attorneys for Defendant Envoy Air, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

HONORABLE SARA DARROW
United States District Court
Central District of Illinois - Rock Island Division
48 U.S. Courthouse
211 19th Street
Rock Island, Illinois 61201

QB\58374963.1

HONORABLE JONATHAN E. HAWLEY
United States District Court
Central District of Illinois - Rock Island Division
211 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois 61602

Carla D. Aikens
AIKENS LAW FIRM
615 Griswold, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
*Attorneys for Plaintiff*

*/s/ Heidi Scheving-Nelson*
An employee of Quarles & Brady LLP