IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| Ciara Vesey,<br><br>        Plaintiff,<br><br>v.<br><br>Envoy Air, Inc. d/b/a American Eagle Airlines, Inc.,<br><br>        Defendant. | Case No.  4:18-cv-04124-SLD-JEH |

**RESPONSE TO PLAINTIFF'S (1) VOLUNTARY WITHDRAWAL OF REPLY AT DOCKET ENTRY #51 AND (2) MOTION FOR LEAVE TO FILE REPLY BRIEF**

Defendant Envoy Air, Inc. ("Defendant" or "Envoy") objects to Plaintiff's Motion for Leave to file a Reply in support of her Motion to Compel. Plaintiff claims that the Reply is necessary to "correct" inaccurate representations in Envoy's Response. The proposed Reply does not explain what these alleged inaccurate representations are and makes no attempt to correct anything. The Reply merely reiterates arguments Plaintiff made (or could have made) in the initial Motion to Compel. This is not a sufficient basis to support an exemption to the Local Rules. Her Motion should be denied.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **LEGAL ARGUMENT**

Local Rule 7.1(B)(3) prohibits parties from filing reply briefs (other than in support of summary judgment motions) without leave of Court. While the Rule "does not preclude a party from seeking leave to file a reply, leave should not be so freely granted that it would render the general prohibition of replies ineffective." *Hanson Eng'rs Inc. v. UNECO, Inc.*, 64 F. Supp. 2d 797, 798 (C.D. Ill. 1999).

Plaintiff argues that a reply brief to her Motion to Compel is necessary to allow Plaintiff to correct alleged "inaccurate statements" in Envoy's Response. Plaintiff's proposed Reply does not attempt to make any such corrections and contains only a single conclusory allegation related to the purported inaccuracies: "Defendant submitted no exhibits to support any of its unsubstantiated contentions." [Dkt. 57-1 at 4.]

As an initial matter, this is not true. Envoy cited to several of the exhibits provided with Plaintiff's original Motion to Compel, as well as to other pleadings, orders, and minute entries in this case. In so doing, Envoy followed Judge Hawley's Standing Order, which provides:

> Counsel shall not attach as exhibits documents already filed with the Court, such as the complaint, opposing counsel's motions, etc. Instead, counsel should simply refer to the docket number of the relevant filing and the CM/ECF page number.

[Standing Order at 6.] Further, Plaintiff does not identify which of Envoy's statements are inaccurate, nor does she provide exhibits or cite to any other evidence that demonstrates the alleged inaccuracies. Nothing in the proposed Reply supports Plaintiff's contention that the brief is necessary to "correct" the record.

Plaintiff's Reply is clearly focused on arguing points that either were or could have been raised in her initial Motion to Compel and responding to the points raised in Envoy's Response. Specifically, the proposed Reply argues:

1. Plaintiff somehow did not understand the Court's May 13 deadline to file a motion to compel to mean that she could never raise issues related to those discovery requests again;

2. She filed the Motion to Compel after the close of discovery because discovery took place on the last day of discovery;

3. Plaintiff is not clear whether Magistrate Judge Hawley's Standing Order applies to the Motion to Compel; and

4. Envoy's Response does not explain how the discovery requests are burdensome or not relevant and does not provide legal authority that its objections are valid.

These arguments either were or could have been raised with the initial Motion to Compel. Certainly Plaintiff could have anticipated that Envoy would make arguments related to timeliness of the Motion to Compel and Judge Hawley's Standing Order, given that Envoy objected to the Third Set of Requests for Production based on timeliness. Envoy's counsel expressed Envoy's position to Plaintiff's counsel during a telephonic meet and confer and subsequent emails. Plaintiff also could have argued to the Court why Envoy's objections were invalid; she chose not to do so. *See Hanson*, 64 F. Supp. 2d at 798-99 (denying leave to file a sur-reply where "the arguments raised in the motions for leave could have been (and, in part, were) raised in the original motions" and finding defendant's "assertion that it was 'surprised'" by plaintiff's arguments "not persuasive"); *Natural Res. Def. Council v. Ill. Power Res., LLC*, 2016 WL 9650981, at *6 (C.D. Ill., Nov. 2, 2016) ("The Court does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion itself, or to rehash arguments made in the motion. Defendants' Motion for Leave provides four issues it claims are new and unexpected. However, the Court finds that Defendants' Reply merely rehashes arguments that they did make, or should have made, in their original motion. Therefore, the Court denies Defendants' Motion for Leave…."). The proposed Reply is exactly the type of brief that is not permitted by the Local Rules. Plaintiff presents no good reason why she should be exempted from this requirement.[1]

## II.     CONCLUSION

For all of the foregoing reasons, Envoy respectfully requests that the Court deny Plaintiff's Motion for Leave to File Reply Brief.

---

[1] Plaintiff argues that Envoy's Response to her Motion for Reconsideration may have been inappropriate because "many jurisdictions do not permit the filing of a response to a Rule 59(e) motion" without leave. [Dkt. 57 at 2.] The Motion for Reconsideration has nothing to do with the Motion to Compel and it is not clear why Plaintiff believes they are related. In any event, she concedes there is no Local Rule or Order that prohibits Envoy's response to that motion, yet there is a Local Rule that expressly prohibits her Reply here.

Dated:     August 7, 2019

Respectfully submitted,

*/s/ Lindsay J. Fiore*
Stephanie J. Quincy ARDC # 014009
Stephanie.Quincy@quarles.com
Lindsay J. Fiore ARDC # 026382
Lindsay.Fiore@quarles.com
Quarles & Brady LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004
602.229.5200

*Attorneys for Defendant Envoy Air, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

HONORABLE SARA DARROW
United States District Court
Central District of Illinois - Rock Island Division
48 U.S. Courthouse
211 19th Street
Rock Island, Illinois 61201

HONORABLE JONATHAN E. HAWLEY
United States District Court
Central District of Illinois - Rock Island Division
211 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois 61602

Carla D. Aikens
AIKENS LAW FIRM
615 Griswold, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
*Attorneys for Plaintiff*

*/s/ Heidi Scheving-Nelson*
An employee of Quarles & Brady LLP

QB\58830645.1