UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CIARA VESEY, | ) |
|       Plaintiff, | ) |
| v. | )   Case No. 4:18-cv-04124-SLD-JEH |
| ENVOY AIR, INC. d/b/a AMERICAN EAGLE AIRLINES, INC., | ) |
|       Defendant. | ) |

ORDER

Before the Court are Defendant Envoy Air, Inc.'s ("Envoy") Bill of Costs, ECF No. 69, and Plaintiff Ciara Vesey's objection thereto, ECF No. 71. For the reasons that follow, the objection is SUSTAINED IN PART and OVERRULED IN PART and the Bill of Costs is ALLOWED IN PART.

PROCEDURAL BACKGROUND

The facts of this case were recited in the Court's order on Envoy's Motion for Summary Judgment, *see* Dec. 20, 2019 Order, ECF No. 66, and will not be repeated here. After judgment was entered in its favor, Judgment, ECF No. 67, Envoy filed a bill of costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1), seeking costs in the amount of $11,157.14, Bill of Costs 1. Vesey objects to some of Envoy's requests. Objection Bill of Costs 1–2.

DISCUSSION

I.  **Legal Standard**

The prevailing party in civil litigation may recover certain costs. Fed. R. Civ. P. 54(d)(1). Taxable costs include:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements

1

for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees . . . ; [and] (6) [c]ompensation of court appointed experts [and interpreters] . . . .

28 U.S.C. § 1920.

Courts have wide discretion in determining and awarding reasonable costs, but it is not unfettered. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). "Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000); *Northbrook Excess*, 924 F.2d at 642 ("[T]o award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary."). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005). "That presumption does not, however, relieve the prevailing party of the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 897 (N.D. Ill. 2014); *see Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009) ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable.").

II.     Analysis

    a. **Witness Subpoena Fees**

Envoy requests $1,736.98 in fees for service of supboenas. Bill of Costs 1; Addendum Bill of Costs 1, ECF No. 69 at 3–23.[1] This includes $1,207.98 for conducting surveillance on, service of a subpoena on, and attempted service of a subpoena on Irma Stevens, another $179.00 for service of or attempted service of a subpoena on Stevens, and $350.00 for serving a subpoena on Ashley Emerick. Addendum Bill of Costs 1.

Vesey first argues that "[n]othing in 28 U.S.C. § 1920 provides for payment for service of subpoenas on witnesses." Objection Bill of Costs 1. This is clearly incorrect. The cost of serving a subpoena is awardable under 28 U.S.C. § 1920(1). *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008); *see also, e.g.*, *Ayala v. Rosales*, No. 13-CV-04425, 2016 WL 2659553, at *3 (N.D. Ill. May 9, 2016) ("Fees for service of process are recoverable under 28 U.S.C. § 1920(1) . . . ."). The fees recovered, however, may not exceed the United States Marshals Service's ("USMS") rate for service at the time process was served. *Ayala*, 2016 WL 2659553, at *3; *Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, at *3 (N.D. Ill. Feb. 15, 2011) (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)). Additionally, the subpoenas must have been "reasonably necessary at the time that they were served." *Hillmann v. City of Chicago*, No. 04 C 6671, 2017 WL 3521098, at *10 (N.D. Ill. Aug. 16, 2017) (quotation marks omitted).

Vesey also argues that the amount claimed "for service on . . . Stevens and surveillance is exorbitant." Objection Bill of Costs 1. Vesey does not further explain or support her objection,

---

[1] Envoy includes a $63.78 witness fee in the amount claimed for attempting to serve Irma Stevens because the witness fee appeared on the same invoice as the costs of service. Addendum Bill of Costs 1 n.1. The Court includes that amount with the witness fees. The original amount requested for service of subpoenas, $1,800.76, is therefore reduced by $63.78.

but nevertheless the Court finds that the amount requested exceeds the USMS's fees. The USMS currently charges an hourly rate of $65.00 for personal service of process as well as travel costs and other out-of-pocket expenses. *See* 28 C.F.R § 0.114(a)(3). "To know the maximum awardable cost—that is, what the USMS would have charged—the [c]ourt needs to know how much time it took to effectuate service . . . ." *Hillmann*, 2017 WL 3521098, at *9. If the invoice provided by the party seeking costs does not specify the time spent or the distance traveled to effectuate service, the court cannot determine if the fee claimed exceeds the maximum allowable rate. *Id.* "In these circumstances, courts have generally awarded only the minimum amount that the USMS would have charged—one hour at the statutory rate." *Id.* (citing cases); *Manson v. City of Chicago*, 825 F. Supp. 2d 952, 956 (N.D. Ill. 2011) (declining to award an amount for mileage without documentation about "how far the process servers had to travel").

      Envoy submitted two invoices to support its claim for the costs of serving Stevens. One invoice lists the following charges: $179.00 for service; $179.00 for attempted or additional service; $750.00 for surveillance; $93.60 for mileage; and $6.38 for a check charge. Invoice No. 47242, Addendum Bill of Costs Ex. A, ECF No. 69 at 6. The second invoice lists a charge of $179.00 for either service of or attempted service of a subpoena. Invoice No. 26032433, Addendum Bill of Costs Ex. A, ECF No. 69 at 7. A prevailing party can recover costs for attempted service. *See, e.g.*, *Ayala*, 2016 WL 2659553, at *4; *see also* 28 C.F.R. § 0.114(f) ("The United States Marshals Service shall collect the fees enumerated in paragraph (a) of this section, where applicable, . . . as long as service is endeavored."). Neither invoice, however, lists the amount of time it took to effectuate service (or how much time was spent surveilling) or includes information about how far the process server had to travel to effectuate service. The Court, therefore, finds that Envoy is entitled to recover only the minimum amount that the

USMS would charge (one hour at $65.00 per hour) for three attempts at service. The first invoice also lists a check charge, but no explanation for that charge is given, so the Court excludes it. In total, then, the Court awards $195.00 for three attempts of service on Stevens.

Vesey argues that the amount claimed for "service of the summons on . . . Emerick is also excessive." Objection Bill of Costs 2. She argues that "there is a $175 charge for 'non-service' which should not be charged to [her]" and that Envoy provides no legal support "as to why she would be responsible for failed attempts to serve" Emerick. *Id.* Documentation provided by Envoy lists the following charges for serving Emerick: an April 6, 2019 charge of $175.00 for service and an April 2, 2019 charge of $175.00 for non-service. Invoice for Service, Addendum Bill of Costs Ex. A, ECF No. 69 at 8. Envoy's response to Vesey's objection explains that the charge for non-service is a charge for attempted, but unsuccessful service. *See* Resp. Objection 2, ECF No. 72. As the Court has already explained, costs for attempted service are recoverable. However, no documentation indicates how much time was spent attempting to serve or serving Emerick. Therefore, the Court will award Envoy only the minimum amount the USMS would charge for two attempts at service, a total of $130.00.

In conclusion, the Court sustains Vesey's objection in part and overrules it in part and awards $325.00 total for service of subpoenas—$195.00 for the attempts to serve Stevens and $130.00 for the attempts to serve Emerick.

### b. Witness Fees

Envoy next requests $229.25[2] in witness fees and mileage: $53.22 for Emerick; $60.88 for Danielle Griffin; $51.37 for Valerie Durant; and $63.78 for Stevens. *See* Bill of Costs 1–2;

---

[2] The Bill of Costs actually lists the total amount for witness fees as $112.25. Bill of Costs 1. The sum of the three witness fees listed in the Bill of Costs (not including $63.78 for Stevens, *see infra*) is $165.47, so $112.25 is either a typographical or calculation error.

Addendum Bill of Costs 1 n.1. Witness fees, including mileage for traveling to depositions, are recoverable under 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821. *See, e.g.*, *Manley v. Boat/U.S., Inc.*, No. 13-cv-5551, 2019 WL 5456990, at *2 (N.D. Ill. Oct. 24, 2019) (awarding mileage for witnesses traveling to depositions). Vesey's only objection to this request for costs is that she should not have to pay for Durant's fees because Durant's deposition was cancelled. Objection Bill of Costs 1. But witnesses are compensated "for their readiness to testify at . . . depositions," not for their actual testimony at depositions. *Haroco, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 38 F.3d 1429, 1442 (7th Cir. 1994). And Durant's deposition was cancelled because of court reporter illness after Durant had already travelled to appear at the deposition. *See* Resp. Objection 2. This objection is overruled and the Court awards Envoy all of the witness fees it requests for a total of $229.25.

### c. Deposition Costs

Envoy requests $8,984.55 in costs related to depositions: $573.80 for the transcripts of Carrie McMurray's and Teresa White's depositions (which are on the same invoice); $2,639.35 for Vesey's deposition; $1,639.25 for Emerick's deposition; $2,283.45 for Stevens's deposition; and $1,848.70 for Griffin's deposition. Bill of Costs 1; Addendum Bill of Costs 1. Vesey makes various objections to the amounts requested for depositions. The Court addresses the costs requested for each deposition separately.

### i. Vesey's Deposition

The invoice for Vesey's deposition lists the following charges: $50.00 for the court reporter's appearance for the first hour; $325.00 for the court reporter's appearance for six and a half additional hours; $75.00 for the court reporter's appearance for one hour of overtime; $1,915.30 for the transcript of the deposition (358 pages at $5.35 per page); $50.05 for black and

white exhibits; $45.00 for processing and compliance; $126.75 for color exhibits; and $52.25 for shipping.  Invoice No. INV1434743, Addendum Bill of Costs Ex. B, ECF No. 69 at 11.

Deposition transcript costs are recoverable provided the transcripts are "necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *Corder v. Lucent Techs., Inc.*, 162 F.3d 924, 928–29 (7th Cir. 1998).  Costs incidental to taking depositions are recoverable as well.  *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) ("We have . . . upheld the award of . . . costs [incidental to taking depositions, including per diem and delivery charges,] in the past and we find no reason to disturb the district court's exercise of discretion to award such costs in this instance.").

Vesey argues that Envoy should not recover costs incurred during her deposition for "overtime, exhibits, 'processing and compliance,' and color exhibits, which were not utilized in this case."  Objection Bill of Costs 2.  The Court first addresses the objection to the amount requested for "overtime."  This amount is part of the court reporter's attendance fee.  The Seventh Circuit has upheld the award of court reporter attendance fees.  *See Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) ("Since the reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript.").  Finding that $50.00 per hour is a reasonable attendance fee, the Court awards $375.00 for the first seven and half hours.  Vesey suggests no reason for the Court to find that an increased fee for one hour of overtime attendance is unreasonable.  The Court therefore awards all $450.00 requested for the court reporter's attendance.

As for the $45.00 for processing and compliance, the Court understands this to be a cost incidental to taking the deposition.  Vesey has pointed the Court to no authority holding, and the

7

Court can find none to suggest, that these are not recoverable or reasonable costs. *See Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012) (declining to disturb various awards of costs, including costs for binding a deposition transcript, where plaintiffs had "failed to demonstrate that the[y] . . . [we]re unreasonable or otherwise contrary to the Judicial Conference policy"). Likewise, the Court allows the $52.25 requested for shipping as a cost incidental to the deposition.

The amounts requested for exhibits, however, cause the Court concern. "Court reporter charges associated with photocopying deposition exhibits are recoverable if the copies were 'necessarily obtained for use in the case.'" *Gallagher v. Gallagher*, No. 07 CV 4196, 2010 WL 2610192, at *3 (N.D. Ill. June 24, 2010) (quoting 28 U.S.C. § 1920)); *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007) ("Costs for [deposition] exhibits are recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case."). Envoy did not respond to Vesey's argument about exhibits, so it has provided no explanation of what exhibits were copied, why they were copied, or whether it was necessary to copy them for use in the case, as opposed to for an attorney's or a party's convenience. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (declining to award the costs of copying exhibits because the defendant "was already in possession of the deposition exhibits"). The Court cannot determine whether the exhibits were necessarily copied for use in the case, so the Court excludes the $176.80 requested for exhibits. *See Gecker ex rel. Collins v. Menard, Inc.*, No. 16 C 50153, 2020 WL 1077695, at *3 (N.D. Ill. Mar. 6, 2020) ("As Plaintiff has neither acknowledged nor explained the importance of the exhibit costs related to the depositions of Dr. Rees ($16.65) and Kandice Mallasee ($8.50), the Court sustains Defendant's objections to any exhibit-related costs."); *cf. Boogaard v. Nat'l*

*Hockey League*, No. 13 C 4846, 2017 WL 5517231, at *3 (N.D. Ill. Nov. 17, 2017) ("Without knowing whether the NHL already possessed those documents in some form, the court cannot conclude, as it must, that the costs were a necessity of pre-production review, as opposed to merely a convenience for the NHL's attorneys.").

Vesey also argues that the per page rate requested for her deposition transcript is unreasonable because it exceeds the $3.65 per page rate established by the Judicial Conference of the United States for court reporters in the Central District of Illinois. Objection Bill of Costs 2. Envoy responds that "[t]his is not sufficient to overcome the strong burden in favor of awarding costs." Resp. Objection 2. The Court does not find Envoy's contribution particularly helpful because it does not address the reasonableness of the rates charged. *See Trs. of Chi. Plastering*, 570 F.3d at 906 (holding that the party seeking costs has the burden of showing the costs are reasonable).

The Judicial Conference sets a maximum per page transcription rate of $3.65 for ordinary transcripts. *See* Maximum Per Page Tr. Rates, Federal Court Reporting Program, U.S. Courts, https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited Apr. 24, 2020).[3] The Central District of Illinois has "adopt[ed] th[is] rate[] as the appropriate fee to be charged for the production and delivery of transcripts by court reporters in th[e] District." General Order 18-02 (C.D. Ill. Apr. 3, 2018), https://www.ilcd.uscourts.gov/sites/ilcd/files/general-ordes/General%20Order%2018-02.pdf. But the Central District of Illinois does not have a local rule limiting the amount recoverable for private deposition transcripts to this rate, unlike the Northern District of Illinois. *See* NDIL-LR 54.1(b) ("If in taxing costs the clerk finds that a transcript or deposition was necessarily

---

[3] The Judicial Conference sets maximum rates for other types of transcripts as well, including expedited transcripts and copies of transcripts, but none is relevant.

obtained, the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States . . . ."); *cf. Moultrie v. Penn Aluminum Int'l, LLC*, No. 3:11-cv-00500-DRH-PMF, 2014 WL 87830, at *2 (S.D. Ill. Jan. 9, 2014) ("In the Southern District of Illinois, the Court has broad discretion and is not beholden to the specificity of the [Northern District's] local rule . . . ."). Nevertheless, courts in this District have limited prevailing parties' recovery to this per page limit, finding it to be a reasonable rate. *See, e.g.*, *Aebischer v. Stryker Corp.*, No. 05-CV-2121, 2007 WL 1668065, at *5 (C.D. Ill. June 8, 2007). The Court agrees that the Judicial Conference rates are reasonable and thus limits the amount recoverable for Vesey's transcript to $1,306.70 (358 pages at $3.65 per page).

In total, then, the Court awards $1,853.95 for Vesey's deposition: $450.00 for court reporter appearance fees, $1,306.70 for the transcript, $45.00 for processing and compliance, and $52.25 for shipping.

### ii. Emerick's Deposition

The invoice for Emerick's Deposition lists the following charges: $325.00 for the court reporter's appearance; $1,184.40 for the deposition transcript (282 pages at $4.20 per page); $3.30 for exhibits with tabs; $25.00 for a condensed transcript; $45.00 for processing and compliance; and $56.55 for color exhibits. Invoice No. INV1470046, Addendum Bill of Costs Ex. B, ECF No. 69 at 12.

Vesey argues that the deposition transcript rate for Emerick's deposition is unreasonable as well. Objection Bill of Costs 2. Pursuant to the above analysis, the Court limits the amount recoverable for Emerick's transcript to $1,029.30 (282 pages at $3.65 per page). The analysis conducted with respect to Vesey's deposition also leads the Court to exclude the $59.85

requested for deposition exhibits. No explanation of these charges was provided by Envoy, so the Court cannot conclude that they were reasonable and necessary.

The Court also excludes from the cost award the $25.00 claimed for a condensed transcript of Emerick's deposition. "Generally, condensed transcripts, electronic copies, etc. are considered to be obtained for the convenience of counsel." *The Meds. Co. v. Mylan Inc.*, No. 11-cv-1285, 2017 WL 4882379, at *4 (N.D. Ill. Oct. 30, 2017) (citing cases); *see EEOC v. Yellow Freight Sys., Inc.*, No. 98 C 2725, 1999 WL 965854, at *3 (N.D. Ill. Oct. 14, 1999) "(Likewise, we believe a condensed 'miniscript' is also not an allowable cost. As with deposition transcripts contained on videotape and diskettes, a mini-script is duplicative of the printed deposition transcript, and is provided merely for the convenience of counsel."). Without any explanation otherwise, Envoy has not met its burden of establishing that this was a reasonable and necessary expense.

In total, then, the Court awards $1,399.30 for Emerick's deposition: $325.00 for court reporter appearance fees, $1,029.30 for the transcript, and $45.00 for processing and compliance.

### iii. Stevens's Deposition

The invoice for Stevens's deposition lists the following charges: $156.25 in court reporter attendance fees; $1,821.05 for the transcript (301 pages at $6.05 per page); $90.75 for exhibits with tabs; $33.15 for color exhibits; $25.00 for a condensed transcript; $50.00 for a digital transcript; $45.00 for processing and compliance; and $62.25 for shipping. Invoice No. INV1480364, Addendum Bill of Costs Ex. B, ECF No. 69 at 13.

Though Vesey does not specifically object to the costs requested for Stevens's deposition, based on the analysis conducted above, the Court finds that Envoy has not met its burden to show that many of these costs were reasonable and necessary. The Court limits the

recoverable amount for the transcript to $1,098.65 (301 pages at $3.65 per page) and excludes the $123.90 requested for exhibits and the $25.00 requested for the condensed transcript. Likewise, the Court excludes the $50.00 requested for the digital version of the transcript. Without any explanation of the charge, Envoy has not met its burden to show that this was a reasonable and necessary expense. *See Cornell v. Gubbles*, No. 05-1389, 2010 WL 3937597, at *4 (C.D. Ill. Sept. 29, 2010) (finding that the plaintiff was not entitled to costs for additional copies of deposition transcripts—including "e-transcript[s], cd rom[s] or Min-U-Script[s]"—because they were duplicate transcripts "made purely for the convenience of the attorney").

In sum, the Court awards $1,362.15 for Stevens's deposition: $156.25 in court reporter attendance fees; $1,098.65 for the transcript; $45.00 for processing and compliance; and $62.25 for shipping.

### iv. Griffin's Deposition

The invoice for Griffin's deposition lists the following charges: $1,638.50 for the transcript (290 pages at $5.65 per page); $25.00 for a condensed transcript; $37.95 for exhibits; $50.00 for a digital transcript; $45.00 for processing and compliance; and $52.25 for shipping. Invoice No. INV1486645, Addendum Bill of Costs Ex. B, ECF No. 69 at 14.

Vesey does not specifically object to the costs requested for Griffin's deposition, but the Court finds that it must limit Envoy's recovery for this deposition based on the analysis conducted above. The Court limits the recoverable amount for the transcript to $1,058.50 (290 pages at $3.65 per page). And the Court excludes the $25.00 requested for a condensed transcript, the $37.95 requested for exhibits, and the $50.00 requested for a digital transcript.

In total, then, the Court awards $1,155.75 for Griffin's deposition: $1,058.50 for the transcript; $45.00 for processing and compliance; and $52.25 for shipping.

### v. McMurray's Deposition

The amount claimed for McMurray's deposition transcript is $174.80. *See* Stapf Court Reporting Invoice, Addendum Bill of Costs Ex. B, ECF No. 69 at 10. As the per page rate charged—$1.90, *id.*—is below the Judicial Conference rate, it is reasonable.

Vesey argues that McMurray's deposition transcript was not used to support Envoy's summary judgment motion, so the costs of the transcript should not be recoverable. Objection Bill of Costs 2. "The introduction of a deposition in a summary judgment motion . . . is not a prerequisite for finding that it was necessary to take that deposition." *Cengr*, 135 F.3d at 455. "The proper inquiry is whether the deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion . . . ." *Id.* (quotation marks omitted). Nevertheless, Envoy did use McMurray's transcript to support its summary judgment motion. *See* McMurray Dep., Mot. Summ. J. Ex. 15, ECF No. 52-2 at 100–06. And, as Envoy argues, Vesey continually asserted that McMurray harbored discriminatory or retaliatory animus against her, so it was necessary to obtain McMurray's testimony. Resp. Objection 3; *see also* Resp. Mot. Summ. J. 23, ECF No. 58 ("White and McMurray continued to report Plaintiff for alleged violations of company policy . . . with the clear intention that it would result in her termination . . . ."); Mot. Alter 9, ECF No. 68 ("Ms. McMurray's animus and anger toward Plaintiff . . . was noted by Ms. Emerick . . . ."). The Court agrees and finds that McMurray's deposition was necessarily obtained. Because the per page rate charged was reasonable, Envoy is entitled to recover the full $174.80 requested for McMurray's deposition transcript.

### vi. White's Deposition

The amount claimed for White's deposition transcript is $399.00. *See* Stapf Court Reporting Invoice. Because the per page rate charged—$1.90, *id.*—is below the Judicial

Conference rate, it is reasonable. The Court finds that White's deposition was necessary for the case. Therefore, the Court awards Envoy the full amount for this transcript.

### vii. Deposition Conclusion

In conclusion, the Court sustains Vesey's objection in part and overrules the objection in part and awards Envoy $6,344.95 for deposition costs.

### d. Medical Records

Finally, Envoy requests $259.58 for obtaining copies of documents: $127.90 for a copy of Vesey's Illinois Department of Human Rights complaint file; $69.43 for obtaining Vesey's medical records from Ciox Health; $20.00 for obtaining Vesey's medical records from ORA Orthopedics; and $42.25 for obtaining Vesey's medical records from Genesis Health Group. Bill of Costs 1; Addendum Bill of Costs 1–2. Vesey objects to the charges for her medical records because they "were not at all necessary for use in an employment discrimination claim." Objection Bill of Costs 2.

Fees for making copies of materials are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "The [copied] documents need not be introduced at trial in order for the cost of copying them to be recoverable." *State of Ill. v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981); *see M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991) (same). Envoy argues that Vesey claimed emotional distress as a result of her termination, so it was necessary to explore other potential sources of her distress. *See* Resp. Objection 3 (citing Compl. ¶ 54, ECF No. 1). The Court agrees. *Cf. Yellow Freight*, 1999 WL 965854, at *2 ("[The plaintiff] himself opened the door to the issue [of his health] when he claimed that his repeated absence from work resulted from his health problems. Given this representation . . . it was certainly reasonable for Yellow Freight to explore

[his] health problems so that it could rebut this claim."). The fact that the documents were not used at a trial or introduced as part of the summary judgment motion—which focused on liability, not damages—does not mean they were not necessarily obtained for use in the case. The Court overrules Vesey's objection and awards $259.58 for the cost of copying documents.

## CONCLUSION

Accordingly, Plaintiff Ciara Vesey's objection, ECF No. 71, is SUSTAINED IN PART and OVERRULED IN PART. Defendant Envoy Air, Inc's Bill of Costs, ECF No. 69, is ALLOWED IN PART. The Court awards Envoy Air, Inc. $7,158.78 in costs.

Entered this 30th day of April, 2020.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE